14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary PITTMAN, Petitioner-Appellant,
v.
Fred RANEY, Warden, Respondent-Appellee.
 No. 93-5553.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1994.
 
 Before: BOGGS and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order dismissing a petition for federal habeas corpus filed under 28 U.S.C. Sec. 2254. Gary Pittman is a Tennessee inmate. He filed a Sec. 2254 petition in which he challenged the constitutionality of a 1980 multiple-count state court conviction for aggravated rape (three counts), robbery by use of a deadly weapon, and carrying a pistol. Tennessee responded and the district court ultimately ordered that the petition be dismissed. This appeal followed. The parties have briefed the issues; Pittman is proceeding in his own behalf. In addition, Pittman has filed a motion for the appointment of appellate counsel.
 
 
 3
 Pittman was convicted after a jury trial in 1980 of the aforementioned crimes and thereafter took a direct appeal. Pittman, through counsel, raised the following seven claims of trial error in his appeal:
 
 
 4
 1) Error in denying the defense request for a continuance to bolster an alibi;
 
 
 5
 2) Insufficient indictment;
 
 
 6
 3) Erroneous admission of evidence of prior convictions;
 
 
 7
 4) Tainted photographic array;
 
 
 8
 5) Improper certification of an expert witness;
 
 
 9
 6) Insufficient evidence to support the conviction; and
 
 
 10
 7) Impropriety of the consecutive sentences.
 
 
 11
 The Tennessee Court of Criminal Appeals rejected all seven issues on the merits in affirming Pittman's conviction and sentence in all respects. Pittman subsequently sought discretionary review of his appeal in the Supreme Court of Tennessee, presenting all seven claims in his petition. The Supreme Court of Tennessee later denied the application for review in a summary order.
 
 
 12
 Pittman then filed his petition for federal habeas corpus under Sec. 2254 in which he presented the same seven grounds for relief. The district court held that the petition had to be dismissed. The court found that only two of the claims had been presented to the Tennessee state appellate courts in terms of federal constitutional claims.
 
 
 13
 Petitioners seeking a writ of habeas corpus pursuant to Sec. 2254 must first seek full relief from state courts; this total exhaustion rule promotes comity and conserves judicial resources. Rose v. Lundy, 455 U.S. 509, 518 (1982). In dismissing his petition, the district court correctly found that petitioner had failed to present fully the constitutional aspect of several claims to the state court as required by this circuit. Shoultes v. Laidlaw, 886 F.2d 114, 116 (6th Cir.1989). Such mixed petitions must be dismissed. Id. at 116-17.
 
 
 14
 In the present case, however, petitioner cannot present his unexhausted claims to a state court because the appropriate Tennessee statute of limitations has run on his right to file a petition for postconviction relief. Tenn.Code Ann. Sec. 40-30-102 (1990). He has thus procedurally defaulted those claims and is barred from raising them in a federal habeas corpus proceeding unless he can show cause for the default and prejudice resulting therefrom. Teague v. Lane, 489 U.S. 288, 298 (1989). Petitioner has failed to make such a showing.
 
 
 15
 Accordingly, the motion for appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.